UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MANUELITO MELANCON, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CASE NO.:  12-542 |
| § | |
| CAVALRY SPV I, LLC, § | |
| § | |
| DEFENDANT. § | |

**COMPLAINT**

**COMES NOW** the plaintiff, by and through the undersigned attorney and states a claim for relief as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this matter based upon Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

**FACTUAL ALLEGATIONS**

3. Plaintiff is a consumer and a resident of Baldwin County, Alabama.

4. Defendant CAVALRY SPV I, LLC, ("Cavalry") is a debt collector as defined by the FDCPA.

5. The alleged debt at issue is a consumer debt pursuant to 15 U.S.C. §1692a(5).

6. On or about June 19, 2012 Plaintiff was served with a summons and complaint issued out of the District Court of Baldwin County Alabama.

7. The complaint alleged that Mr. Melancon owed a total of $5,189.00 for "**ACCT STATED/OPEN ACCT/CONTRACT**."

8. Mr. Melancon had never heard of Cavalry and did not owe it any money so, on June 25, 2012, he filed an answer with the District Court denying any liability to Cavalry.

9. A trial of the matter was held on August 7, 2012 and a verdict was entered for Mr. Melancon because Cavalry appeared at the trial without a witness or any admissible evidence.

10. Cavalry is a "debt buyer" and according to its website, "Cavalry SPV II, LLC is a purchaser of distressed consumer receivable portfolios."

11. These portfolios are usually purchased for a few cents on the dollar.

12. Typically all the debt buyer purchases is a spread sheet containing the amount allegedly owing on a debt and the consumer's contact information.

13. If the debt buyer wants further documentation of the debt, such as contracts, payment histories and signature pages, these can be purchased at additional expense.

14. This type of arraignment encourages debt buyers to purchase the very minimum of information and thereby maximize their profits.

15. Since the defendant debt buyer really knows very little about the account it filed the complaint, filed herewith as Exhibit "A," alleging "**ACCT STATED/OPEN ACCT/CONTRACT**."

16. This type of cryptic or shotgun allegation does not put a consumer on notice of what Cavalry is seeking or why.

17. It is unlikely that an unrepresented consumer would have any idea of the meaning of the defendant's Kafkaesque allegation. Presumably, the complaint is alleging the following three distinct causes of action:

- Account Stated;
- Open Account; and
- Breach of Contract.

18. Having to presume what is being alleged is deceptive in and of itself, but the presumed allegation of account stated is undoubtedly misleading and deceptive because an account stated requires an agreement between parties who have had previous monetary transactions, that the statement of account and the balance struck are correct and a promise, express or implied, that the debtor will pay that amount.

19. Before being sued Plaintiff had never heard of Cavalry and therefore there could not have been any account stated. This was known to Cavalry.

20. Additionally, Cavalry had no intention of taking its claims to trial where it would have to present admissible evidence, first, to establish its standing to collect the alleged debt, and then, the validity of the alleged debt.

21. The business model of Cavalry is to use the collection lawsuit to either obtain a default judgment or to browbeat unrepresented consumers into consenting to judgments.

22. On information and belief Cavalry has filed hundreds of such lawsuits in the state courts of Alabama without the means or intent to prove them at trial.

23. Cavalry is representing to consumers that it intends to prove a debt is owing by taking them to trial when it actually has no intention to do so.

## FDCPA VIOLATIONS OF DEFENDANT

24. The Defendant has violated the FDCPA in at least the following ways by:

    a. Filing suit without any intention to prosecute it in order to coerce the plaintiff into paying a debt;

    b. Making false, deceptive or misleading representations in connection with the collection of a debt, in violation of §1692e;

    c. Filing a collection suit and representing that it intends to prove in court that a consumer owes a debt when it has no intention take such action; and

    d. Other false and deceptive acts which violate the FDCPA.

25. Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the defendant for:

   a. Actual damages;

   b. Statutory damages pursuant to 15 U.S.C. §1692k;

   c. Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k;

   d. For such other and further relief as may be just and proper.

**RESPECTFULLY** submitted on this the 30th day of August 2012.

/s/ Earl P. Underwood, Jr.
**EARL P. UNDERWOOD, JR. (UNDEE6591)**
**Attorney for Plaintiff**

**UNDERWOOD & RIEMER, PC.**
**21 South Section Street**
**Fairhope AL 36533**
**(251)-990-5558**

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

/s/ Earl P. Underwood, Jr.
**EARL P. UNDERWOOD, JR.**

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**

**CAVALRY SPV I, LLC**
c/o CT Corporation System
2 North Jackson St, Ste 605
Montgomery, AL 36104